Michael B. Piri (Bar No: 24096771)
THE PIRI LAW FIRM
4200 S Freeway, Suite 1313
Fort Worth, Texas 76115
T:( 833) 600-0029
Attorney for Respondent

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| DELGADO LONGORIA, BERNARDO | § | |
| | § | |
| *Petitioner,* | § | |
| V. | § | Civil Action No. 5:26-cv-1716 |
| MARKWAYNE MULLINS, Secretary of Homeland Security; TODD BLANCHE, U.S Attorney General; TODD M.LYONS, Acting Director of Immigration and Custom Enforcement; And warden of Webb County Detention Facility | § | |
| | § | |
| *Respondents.* | § | |

**PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner Bernardo Delgado Longoria, through undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 2241 for a Temporary Restraining Order preventing Respondents from transferring Petitioner outside the jurisdiction of this Court or removing Petitioner from the United States while his Petition for Writ of Habeas Corpus is pending.

In support of this Motion, Petitioner states as follows:

## I. INTRODUCTION

1. Petitioner is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Webb County Detention Facility.
2. Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention.
3. Petitioner has been continuously detained since approximately June 25,2026.
4. Petitioner subsequently sought habeas relief from this Court, challenging the legal and constitutional basis for his continued detention.
5. Petitioner now seeks temporary relief to preserve the status quo and prevent Respondents from transferring or removing him before this Court has an opportunity to adjudicate his habeas claims.

## II. PETITIONER FACES IRREPARABLE HARM

9. Petitioner is presently deprived of his physical liberty.
10. The deprivation of liberty is continuing and becomes more significant with each additional day Petitioner remains detained.
11. Petitioner also faces the possibility of being transferred to another detention facility or jurisdiction, or removed from the United States, before this Court can adjudicate his Petition.
12. Such action could substantially interfere with Petitioner's ability to obtain meaningful habeas relief and could complicate this Court's ability to provide effective relief.
13. The loss of meaningful judicial review constitutes an injury that cannot adequately be remedied after the fact.
14. Petitioner therefore faces immediate and irreparable harm absent temporary relief.

## III. THE TRO IS NECESSARY TO PRESERVE THE COURT'S JURISDICTION

15. Petitioner respectfully requests that Respondents be temporarily restrained from transferring him outside the jurisdiction of this Court while his habeas petition is pending.

16. Petitioner also requests that Respondents be temporarily restrained from removing him from the United States while the Court considers the legality of his detention.
17. The requested relief is narrowly tailored to preserve the Court's ability to adjudicate Petitioner's § 2241 claims.
18. Petitioner does not ask this Court, through this Motion, to determine the ultimate merits of his immigration case.
19. Rather, Petitioner seeks to maintain the status quo until the Court can determine whether his continued detention is lawful.
20. Without temporary relief, Respondents could take action that would substantially impair or frustrate Petitioner's ability to obtain effective judicial review.

## IV. THE BALANCE OF EQUITIES SUPPORTS TEMPORARY RELIEF

21. The requested TRO would impose minimal hardship upon Respondents.
22. Respondents would remain free to defend Petitioner's detention and to present their legal arguments concerning the Petition.
23. The requested relief would simply prevent Respondents from transferring Petitioner outside the Court's jurisdiction or removing him from the United States while the Court considers the pending habeas action.
24. By contrast, Petitioner faces continued deprivation of his liberty and the possibility that his claims could become significantly more difficult to adjudicate if he is transferred or removed.
25. The balance of equities therefore favors preservation of the status quo.

## V. THE REQUESTED RELIEF IS NARROWLY TAILORED

26. Petitioner seeks only temporary relief necessary to preserve the Court's ability to provide meaningful judicial review.

27. Petitioner requests that Respondents, their agents, officers, employees, and all persons acting in concert with them be temporarily restrained from:

a. transferring Petitioner outside the jurisdiction of this Court; or

b. removing Petitioner from the United States,

while the Petition for Writ of Habeas Corpus remains pending and until further order of this Court.

28. Petitioner respectfully requests that the Court grant this relief immediately to prevent irreparable harm.

## VI. REQUEST FOR RELIEF

WHEREFORE, Bernardo Delgado Longoria requests that this Court:

A. **GRANT** Petitioner's Motion for Temporary Restraining Order;

B. Temporarily restrain Respondents, their agents, officers, employees, and all persons acting in concert with them from transferring Petitioner outside the jurisdiction of this Court while his Petition for Writ of Habeas Corpus is pending;

C. Temporarily restrain Respondents from removing Petitioner from the United States while the Court considers Petitioner's pending habeas petition;

D. Order Respondents to maintain the status quo with respect to Petitioner's custody and location pending further order of this Court; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

***s/Michael B Piri***

Michael B Piri
The Piri Law Firm
4200 South Fwy Suite 1313
Fort Worth TX 76177
833-600-0029
michael@michaelpiri.com

**VERIFICATION**

I, Michael B Piri, declare under penalty of perjury that I am the Petitioner in this action and that the foregoing facts are true and correct to the best of my knowledge.

Executed on the _25th__of September, 2026

***s/Michael B Piri***

Petitioner
Attorney

Temporary